**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-CV-23624-MOORE/Elfenbein

**THOMAS W. MACNAMARA**,

    Movant,

v.

**KRF CAPITAL, LLC**,

    Respondent.

_____/

## ORDER

**THIS CAUSE** is before the Court on Movant Thomas W. McNamara's ("Movant"), as Court-Appointed Receiver, Motion to Compel KRF Capital, LLC ("Respondent") to Comply with Document Subpoena and Request for Transfer Pursuant to Federal Rule of Civil Procedure 45(f) (the "Motion"). *See* ECF No. [1]. Respondent filed a Response in Opposition, ECF No. [9], and Movant filed a Reply in Support of the Motion, ECF No. [11]. Also pending is Respondent's Motion to Stay Discovery Pending Resolution of Motion to Dismiss and Expedited Appeals and Motion for Protective Order (the "Motion to Stay"). *See* ECF No. [12]. The Parties later filed a Joint Status Report regarding developments in the underlying receivership action[1] and related appeals. *See* ECF No. [20]. The Honorable K. Michael Moore referred this matter to the undersigned "to take all necessary and proper action as required by law" regarding Movant's Motion. *See* ECF No. [4].

---

[1] *See Consumer Fin. Prot. Bureau v. StratFS, LLC*, No. 1:24-CV-00040-EAW-MJR (W.D.N.Y. filed Jan. 10, 2024).

CASE NO. 25-CV-23624-MOORE/Elfenbein

Upon review of the Motion, Response, Reply, Motion to Stay, Joint Status Report, record, and applicable law, Movant's Motion, **ECF No. [1]**, is **GRANTED** to the extent it seeks a transfer to the United States District Court for the Western District of New York.  The merits of Movant's Motion, ECF No. [1], is **TRANSFERRED** to the Western District of New York, and Respondent's Motion to Stay, **ECF No. [12]**, is **DENIED AS MOOT**.

I.      **BACKGROUND**

This action arises from a document subpoena issued in connection with *Consumer Financial Protection Bureau, et al. v. StratFS, LLC, et al.*, Case No. 24-CV-00040-EAW-MJR, pending in the United States District Court for the Western District of New York (the "CFPB Action" or "Underlying Action").  *See* ECF No. [1] at 1.  Movant was appointed as a Receiver in the CFPB Action by the Western District of New York, first through a Temporary Restraining Order with an Asset Freeze, Appointment of a Receiver, and Other Equitable Relief, and later through a Preliminary Injunction that continued the receivership and asset freeze.  *See* ECF No. [1-2] at 86.

The Underlying Action is a large regulatory enforcement action brought by the Consumer Financial Protection Bureau and seven state Attorneys General against numerous entities and individuals allegedly involved in a debt-relief enterprise based in New York.  *See* ECF No. [1] at 2.  The case has been pending in the Western District of New York since January 2024, has generated hundreds of docket entries, and has required substantial judicial supervision, including regular hearings, evidentiary proceedings, and rulings concerning the scope and administration of the receivership.  *See Consumer Fin. Prot. Bureau v. StratFS, LLC*, No. 1:24-CV-00040-EAW-MJR (W.D.N.Y. filed Jan. 10, 2024).  The Western District of New York appointed Movant as the Receiver, oversees his work, entered the operative Preliminary Injunction, and has repeatedly

addressed issues concerning receivership assets, receivership entities, and the Receiver's authority. *See id.*

The Preliminary Injunction authorizes Movant — as the Receiver — to identify, marshal, preserve, and recover receivership assets. *See* ECF No. [1-2] at 32–36. It further authorizes Movant to issue subpoenas to obtain documents and records pertaining to the receivership estate and compliance with the Preliminary Injunction. *See id.* Movant asserts that he served a subpoena on Respondent — in his capacity as the Receiver — to obtain documents concerning transfers made to Respondent by or related to Receivership Entities and individuals connected to the Underlying Action. *See* ECF No. [1] at 5.

According to Movant, the subpoena seeks documents related to transfers of receivership funds, including transfers from BDC Group LLC to Respondent totaling at least $2.140 million between April 2024 and March 2025. *See id.* at 4. Movant contends that Respondent produced only a limited set of documents and refused to produce other responsive materials. *See id.* at 6. Movant therefore filed the Motion, ECF No. [1], in this Court seeking to compel compliance with the subpoena or alternatively, requesting a transfer of the Motion to the Western District of New York under Rule 45(f). *See id.* at 6–8.

Respondent opposes transfer, arguing that this subpoena dispute is straightforward; that Respondent is a Florida nonparty; that Movant — as the Receiver — has not shown exceptional circumstances, and that Movant's discovery requests exceed the permissible scope of Rule 45. *See* ECF No. [9] at 5–10. Respondent also filed a Motion to Stay, asking this Court to stay discovery pending resolution of a motion to dismiss and expedited appeals in the Underlying Action. *See* ECF No. [12].

CASE NO. 25-CV-23624-MOORE/Elfenbein

After Respondent filed the Motion to Stay, the Parties filed a Joint Status Report. *See* ECF No. [20].  The Parties reported that the Western District of New York heard argument on the motion to dismiss in the Underlying Action and reserved ruling. *See id.* at 1.  They also reported that the Second Circuit dismissed the expedited appeals concerning the receivership designations because the challenged orders were not final orders subject to appellate review, and that mandate issued on March 24, 2026, returning jurisdiction to the district court. *See id.* at 1–2.

The Parties have fully briefed the issues in Movant's Motion, ECF No. [1], and Respondent's Motion to Stay, ECF No. [12].  With the relevant facts and procedural history established, the Court turns to the governing legal standards and the merits of the requested transfer under Rule 45(f).

## II.      DISCUSSION

Federal Rule of Civil Procedure 45 generally requires subpoena-related motions to be filed in the district where compliance is required. *See* Fed. R. Civ. P. 45(c), (d)(2)(B)(i), (d)(3)(A).  But Rule 45(f) permits transfer of a subpoena-related motion to the issuing court in two circumstances: "if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).  Because Respondent does not consent to transfer, the relevant inquiry is whether exceptional circumstances exist.

Rule 45(f) does not define "exceptional circumstances," but the Advisory Committee Notes explain that transfer may be warranted to avoid disrupting the issuing court's management of the underlying litigation, including where the issuing court has already ruled on issues presented by the motion or where the same issues are likely to arise in discovery in multiple districts. *See* Fed. R. Civ. P. 45 Advisory Committee's Note to 2013 Amendment.  Courts in this District consider several factors in determining whether exceptional circumstances warrant transfer, including the

4

complexity of the underlying action, its procedural posture, the length of time it has been pending, the issuing court's familiarity with the relevant facts and legal issues, whether transfer would promote judicial economy, whether transfer would avoid inconsistent rulings, and whether transfer would impose undue burden or cost on the subpoenaed nonparty. *See Hoog v. PetroQuest, LLC*, 338 F.R.D. 515, 517 (S.D. Fla. 2021); *Hernandez v. Ocwen Loan Servicing, LLC*, No. 17-CV-80525, 2018 WL 2298348, at *2 (S.D. Fla. May 21, 2018); *The Dispatch Printing Co. v. Zuckerman*, No. 16-CV-80037-BLOOM/VALLE, 2016 WL 335753, at *2 (S.D. Fla. Jan. 27, 2016).

Although the proponent of transfer bears the burden of showing exceptional circumstances, courts recognize that transfer may be appropriate when the issuing court is in a superior position to decide the dispute because of its familiarity with the full scope of the litigation and the consequences the ruling may have on the underlying case. S*ee In re UBS Fin. Servs., Inc. Secs. Litig.*, No. 15-MC-372, 2015 WL 4148857, at *1 (D.D.C. July 9, 2015); *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014) (finding transfer appropriate where the issuing court possessed greater familiarity with the underlying action and transfer would promote consistent management of discovery issues).

Applying those considerations here, the Court finds that exceptional circumstances strongly favor transfer. The subpoena dispute cannot be meaningfully separated from the receivership proceedings pending in the Western District of New York. The subpoena was issued by a court-appointed receiver pursuant to authority granted by the issuing court for the purpose of investigating, tracing, preserving, and recovering alleged receivership assets. *See* ECF No. [1-2] at 32–36. Resolution of the dispute necessarily implicates the scope of Movant's authority, the interpretation of the Preliminary Injunction and related receivership orders, the status of entities

5

designated as Receivership Entities, and the characterization of assets allegedly belonging to the receivership estate. *See generally* ECF No. [1-2].

The Court has no difficulty concluding that the Western District of New York is uniquely situated to resolve the issues presented by the subpoena dispute. The Underlying Action has been pending for more than two years and involves the Consumer Financial Protection Bureau, seven state Attorneys General, approximately ninety Respondents and related entities, and an extensive court-supervised receivership. *See Consumer Fin. Prot. Bureau v. StratFS, LLC*, No. 1:24-CV-00040-EAW-MJR (W.D.N.Y. filed Jan. 10, 2024). Throughout that period, the issuing court has presided over numerous hearings, entered substantive orders governing the receivership, supervised the asset freeze, addressed disputes concerning the Receiver's authority, and considered issues relating to the Fidelis Entities and the alleged transfer of receivership assets. *See id.* This Court, by contrast, has no comparable familiarity with the factual record, procedural history, or receivership structure underlying the subpoena dispute.

Respondent's opposition confirms that the issues presented extend well beyond a routine third-party discovery dispute. *See* ECF No. [9]. Respondent challenges, among other things, whether the requested documents concern receivership assets, whether the Receiver possesses authority under the Preliminary Injunction to seek the requested discovery, whether certain transfers occurred before or after entities were brought within the receivership estate, and whether those entities were properly designated as Receivership Entities. *See id*. at 8–10. Resolution of those issues requires interpretation and application of orders entered by the Western District of New York and familiarity with factual findings previously made in the Underlying Action.

Movant's Reply in Support of the Motion further demonstrates the interconnected nature of the subpoena dispute and the receivership proceedings. *See* ECF No. [11]. Movant argues that

Respondent's characterization of certain transfers as "loans" is inconsistent with records previously reviewed in the Underlying Action and contends that the transferred funds constitute receivership assets regardless of whether they are labeled loans or investments. *See id.* at 1–5. Evaluating those arguments necessarily requires consideration of the receivership estate, prior factual findings, and the issuing court's prior rulings concerning the Fidelis Entities and related asset transfers.

Courts routinely find exceptional circumstances in analogous situations. For example, in *Dynatemp*, a subpoena dispute filed in the Southern District of Florida, the court transferred the matter under Rule 45(f) because the issuing court possessed greater familiarity with the underlying litigation and transfer would promote judicial economy and consistent case management. *See Dynatemp Int'l, Inc. v. R421A LLC*, No. 24-CV-81132, 2024 WL 4982257, at *2–3 (S.D. Fla. Dec. 4, 2024), *aff'd and adopted,* No. 24-CV-81132, 2024 WL 5154478 (S.D. Fla. Dec. 18, 2024). Likewise, in *In re Subpoena to National Academy of Sciences*, another federal court observed that transfer is favored where resolution of the subpoena dispute "implicates the underlying litigation and requires an understanding of the full scope of the underlying litigation to properly assess the need for subpoenaed documents[.]" 347 F.R.D. 45, 50 (D.D.C. 2024).

Because the subpoena dispute here is deeply intertwined with the administration of a complex federal receivership action, the issuing court possesses substantially greater familiarity with the relevant facts and legal issues, and transfer will promote consistent management of discovery issues affecting the receivership estate, the Court finds that exceptional circumstances exist under Rule 45(f).

The Court further finds that transfer will also promote judicial economy and reduce the risk of inconsistent rulings. Movant represents that he is pursuing similar discovery from other third

parties in connection with the same receivership estate and asset-tracing issues. *See* ECF No. [1] at 7. The same or similar questions may therefore arise in other districts, including questions about Movant's subpoena authority, the relevance of documents concerning asset transfers, the scope of receivership assets, and the impact of the Preliminary Injunction. *See id*. at 8.

Rule 45(f) was designed to address precisely this concern. The Advisory Committee Notes recognize that transfer may be warranted when doing so avoids disruption of the issuing court's management of the underlying case or where similar issues are likely to arise across districts. *See* Fed. R. Civ. P. 45 Advisory Committee's Note to 2013 Amendment. Again, in *Dynatemp*, the court transferred a subpoena-related motion where the underlying court had greater institutional knowledge of the case, transfer would promote judicial economy, and transfer would avoid the risk of inconsistent discovery rulings. *See Dynatemp Int'l, Inc.*, 2024 WL 4982257, at *2–3.

The same reasoning applies with even greater force here. The Western District of New York is not merely familiar with a discovery protocol or case-management issue; it is administering a complex federal receivership. The subpoena dispute directly goes to Movant's ability to trace and recover assets under that court's own orders. Having the issuing court resolve the dispute will conserve judicial resources, avoid duplicative analysis, and ensure that discovery rulings are consistent with the court's ongoing administration of the receivership. *See Dynatemp Int'l, Inc.*, 2024 WL 4982257, at *2–3.

Finally, the Court must consider whether transfer would impose undue burden or cost on the local nonparty. *See Hernandez*, 2018 WL 2298348, at *2. On this record, it would not.

First, the dispute is fully briefed. Respondent has already responded to the Motion, and Movant has replied. Transfer will not require Respondent to begin again in any meaningful sense; at most, the Parties may refile the same or substantially similar filings in the Western District of

New York. As the court observed in *Dynatemp*, where briefing has already occurred, transfer does not necessarily impose meaningful additional work on the subpoenaed party. *See Dynatemp*, 2024 WL 4982257, at *3.

Second, Rule 45(f) specifically mitigates the burden on subpoenaed persons and their counsel. The rule provides that, after transfer, "if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court." Fed. R. Civ. P. 45(f). Thus, Respondent's counsel may participate in the Western District of New York proceedings pursuant to Rule 45(f). These circumstances substantially reduce any claimed burden from transfer.

Third, the subpoena seeks documents, not live testimony in this District. The subpoena dispute is therefore primarily a legal and document-production dispute. There is no showing that transfer would require Respondent's representatives to travel to New York or otherwise impose a substantial burden. *See Hernandez*, 2018 WL 2298348, at *2. Nor has Respondent identified any concrete prejudice or expense that would outweigh the substantial judicial-economy and case-management interests favoring transfer. *See Dynatemp*, 2024 WL 4982257, at *3.

III.    **CONCLUSION**

For the foregoing reasons, this Court need not decide whether the subpoena should be enforced, narrowed, or denied. Nor should it decide the scope of Movant's authority under the Preliminary Injunction in the first instance when the issuing court entered that order and continues to supervise the receivership. The Court finds that the better course is to transfer the subpoena dispute to the Western District of New York so that the court most familiar with the receivership can determine the merits. Regarding Respondent's Motion to Stay, which requested a stay of these proceedings pending resolution of a motion to dismiss and expedited appeals in the Underlying

CASE NO. 25-CV-23624-MOORE/Elfenbein

Action, *see* ECF No. [12], it is now moot because this Court is transferring the subpoena dispute to the Western District of New York.  Any further request to stay discovery, limit discovery, or enter protective relief can be addressed by the Western District of New York after transfer.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Movant's Motion, **ECF No. [1]**, is **GRANTED in part** to the extent it seeks a transfer to the United States District Court for the Western District of New York;

2. The Clerk of Court is **DIRECTED** to **TRANSFER** Movant's Motion, **ECF No. [1]**, to the United States District Court for the Western District of New York for adjudication in connection with *Consumer Financial Protection Bureau, et al. v. StratFS, LLC, et al.*, Case No. 24-cv-00040-EAW-MJR;

3. Respondent's Motion to Stay, **ECF No. [12]**, is **DENIED AS MOOT**; and

4. Upon transfer of this matter, the Clerk of Court is directed to **CLOSE** this case.

**DONE and ORDERED** in Chambers in Miami, Florida on June 9, 2026.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record

10