UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| THOMAS W. MCNAMARA, as the Court-Appointed Receiver in *Consumer Financial Protection Bureau, et al. v. StratFS, LLC, et al.*, 24-cv-00040-EAW-MJR (W.D.N.Y.),<br><br>Plaintiff/Movant,<br><br>v.<br><br>KRF CAPITAL LLC,<br><br>Defendant/Respondent. | Case No. 1:26-cv-01184-EAW-MJR |

**RECEIVER'S RESPONSE IN OPPOSITION TO KRF CAPITAL, LLC'S
EMERGENCY MOTION FOR RECONSIDERATION OF
ORDER GRANTING RECEIVER'S MOTION TO COMPEL**

**INTRODUCTION**

The Receiver opposes KRF Capital LLC's ("KRF") Emergency Motion for Reconsideration of Order Granting Receiver's Motion to Compel. Approximately one year after the Receiver issued the document subpoena to KRF, the United States District Court for the Southern District of Florida transferred the Receiver's Motion to Compel to this Court.

As set forth below, KRF has been afforded an ample opportunity to be heard on the Motion to Compel. After the transfer of the case, this Court issued an order ruling on the substance of the issues after specifically "consider[ing] the objections to the subpoena raised by KRF Capital LLC (Dkt. Nos. 9, 12, 17) and find[ing] them to be without merit." Dkt. No. 34 at 2. The Court's Order finding good cause rested on an especially solid foundation anchored in the Court's consideration of the "pertinent evidence and other filings before the Court . . . ." *Id.* KRF has presented no basis to disturb the Court's Order.

1

Furthermore, KRF knew the Motion to Compel had been transferred to this Court. This Court mailed orders to KRF's counsel on June 10, 2026 and June 17, 2026—neither of which was returned as undeliverable. KRF's counsel declared they did not receive the June 17th order setting a motion hearing for July 7, 2026 at 12:30 p.m. But KRF knew the Motion to Compel was transferred to this Court (and was looking for local counsel). KRF should have been actively monitoring the Court's electronic case management system. It was incumbent on KRF to do so before it had secured local counsel. In light of these facts, KRF has not been denied an opportunity to be heard by this Court at a hearing placed on the public docket.

Neither Rule 59(e) nor Rule 60(b) provides KRF any basis for relief because the Court's Order is not a final judgment or final order.

For the reasons stated herein, the Court should deny KRF's motion for reconsideration.

## **RELEVANT BACKGROUND**

On August 12, 2025, the Receiver filed his Motion to Compel KRF Capital, LLC to Comply with Document Subpoena (the "Motion to Compel") and Request for Transfer Pursuant to Fed. R. Civ. P. 45(f) in the United States District Court for the Southern District of Florida. *See* Dkt. No. 1. On August 29, 2025, KRF filed its response and the Receiver filed his reply on September 5, 2025. *See* Dkt. No. 9, 11.

On June 9, 2026, the Honorable Marty Fulgueira Elfenbein, United States Magistrate Judge of the Southern District of Florida, granted the Receiver's request to transfer the Motion to Compel to the United States District Court for the Western District of New York. *See* Dkt. No. 21.

On June 10, 2026, the case was transferred to the United States District Court for the Western District of New York and assigned to the Honorable Elizabeth A. Wolford. *See* Dkt. No. 22. On the same day, the Honorable Wolford issued a text order referring the case to the

Honorable Michael J. Roemer for all pretrial matters excluding dispositive motions. The text order was mailed to Alexander D. Wall, Logan D. Smith, Patrick Joseph Rengstl, James D. Sallah, Fernando J. Menendez and Edward H. Davis, Jr. *See* Dkt. No. 23.

The Receiver's counsel in Florida, located approximately 45 miles north of KRF's counsel, received an envelope from the Clerk for the United States District Court for the Western District of New York postmarked June 11, 2026. *See* Declaration of Jessica Morales ("Morales Decl.") at ¶ 3. The Receiver's Florida counsel received the case assignment to the Honorable Elizabeth A. Wolford entered on June 10, 2026, the Notice of Availability of Magistrate Judge entered on June 10, 2026, and the text order (Dkt. No. 23). *See id.*, Ex. 1. The text order (Dkt. No. 23) was also sent to the Receiver's counsel (Logan Smith and Alexander Wall), but the mail was returned as undeliverable and the clerk remailed the order to the corrected address. *See* Dkt. No. 29. No other mail was returned as undeliverable. *See generally* Docket for Case No. 26-cv-1184-EAW-MJR.

On June 17, 2026, Judge Roemer issued a text order setting a motion hearing for July 7, 2026 at 12:30 p.m. in Allegany Courtroom, 6th Floor East, 2 Niagara Square, Buffalo, NY and mailed the order to the Receiver's Florida counsel, Patrick Joseph Rengstl, Esq. and James D. Sallah, Esq., and KRF's counsel, Fernando J. Menendez, Esq. and Edward H. Davis, Jr., Esq. *See* Dkt. No. 25. No mail was returned as undeliverable. *See generally* Docket for Case No. 26-cv-1184-EAW-MJR.

On or about June 23, 2026, the Receiver's Florida counsel received an envelope from the Honorable Michael J. Roemer postmarked June 17, 2026. *See* Morales Decl. at ¶ 4. The Receiver's Florida counsel received the text order setting a motion hearing for July 7, 2026 (Dkt. No. 25). *See id.*, Ex. 2.

3

On July 7, 2026, the Court held a hearing on the Motion to Compel. Only the Receiver's counsel appeared. Dkt. No. 31.

On July 9, 2026, the Court issued an Order granting the Receiver's Motion to Compel. *See* Dkt. No. 34. In the Order, the Court indicated that it had considered all pertinent evidence and reviewed each of KRF's objections, and then found that the "subpoena also complies with Rule 45 of the Federal Rules of Civil Procedure" and was "consistent with the Receiver's duties and authority under the PI." Dkt. No. 34 at 2.

The next day, KRF[1] filed its Motion for Reconsideration. Dkt. No. 36.

## LEGAL STANDARD

"A motion for reconsideration is an extraordinary request that is granted only in rare circumstances . . . ." *Van Buskirk v. United Group of Cos., Inc.*, 935 F.3d 49, 54 (2d 2019). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . ." *Shrader v. CSX Trans., Inc.*, 70 F.3d 255, 256-57 (2d 1995).

"A motion for reconsideration may be granted for 'any . . . reason that justifies relief.'" *Azcel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (citing FED. R. CIV. P. 60(b)(6)). While relief "relief should be granted only in extraordinary circumstances, . . . [a] motion seeking such relief is addressed to the sound discretion of the district court . . . ." *Id.* (citations omitted).

---

[1] KRF Capital LLC is now known as 021 Investments LLC. Dkt. No. 36 at 1 n.1. Interestingly, 021 Investments LLC's flagship property is a 74-key (i.e., room) luxury estate located on 110 acres in Reggello, Italy (approximately 35 minutes from Florence). *See* https://021-investments.com/#flagship; https://www.linkedin.com/posts/021-investments-llc_new-design-home-activity-7455149019619729408-VlOn. According to BDC Group, LLC's QuickBooks records, BDC Group transferred $2.14 million to KRF Capital LLC, including $1.535 million for a sub-account reported as "Tuscany Villa." *See* Dkt. No. 1 at Ex. D (Jones Declaration) ¶ 23.

4

## ARGUMENT

KRF fails to meet the high standard for granting a motion for reconsideration. Despite its vague claims, KRF has not been denied due process in any respect and will not suffer manifest injustice if its motion is denied. The Court's Order made clear that it considered "the pertinent evidence and other filings before the Court" when overruling KRF's objections and granting the Receiver's Motion to Compel. KRF has not been denied an opportunity to be heard; in fact, the Court specifically cited the briefs filed by KRF (Dkt. No. 34 at 2 (citing Dkt. Nos. 9, 12, 17)) and noted that it had considered the substance of each of KRF's objections to the subpoena.

The fact that the Court exercised its discretion by holding a hearing on the Receiver's Motion to Compel is not a basis for denial of due process. KRF was not entitled to oral argument, and its claims that it was somehow denied due process because it missed the hearing are baseless. This is especially the case where no substantive arguments were even addressed at the hearing.[2]

Additionally, KRF seeks reconsideration under both Rules 59(e) and 60(b)(4), but neither supports KRF's motion. First, Rule 59(e) provides "[a] motion to alter or amend a *judgment* must be filed no later than 28 days after the entry of the *judgment*." FED. R. CIV. P. 59(e) (emphasis added). Here, the Court issued an order granting the Receiver's Motion to Compel. Dkt. No. 34. Simply based on the language of the rule, Rule 59(e) does not apply because the

---

[2] The Court was not required to hold a hearing on the Motion to Compel and would have been well within its discretionary authority to rule on the evidence before it without holding a hearing. Thus, KRF is not denied due process because it did not appear at the July 7th hearing. Nor will KRF be denied due process if the Court denies KRF's motion and decides not to hold a second hearing on this motion. This Court has discretion to decide if and when to hold a hearing on this matter or any matter. The Receiver will attend all hearings ordered by the Court, but the Receiver respectfully submits that holding another hearing here is not necessary given the soundness of the Court's Order, the meritless nature of KRF's objections, and the due process that has already been afforded KRF.

Court did not enter a judgment and the Court should deny KRF's motion. *See Fayettesville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991) ("Rule 59(e) is . . . applicable only to a final judgment."); *Amelio v. Houri*, No. 22-cv-0975, 2025 WL 1126117, *1 (S.D.N.Y. Apr. 16, 2025) ("Rule 59(e) governs motions to alter or amend a judgment; it does not apply to orders. Fed. R. Civ. P. 59(e) (referring to a 'motion to alter or amend a judgment'). Other rules permit revisiting orders. *See, e.g.,* Fed. R. Civ. 60 ('Relief From a Judgment or Order').").

KRF cites *Casaccia v. City of Rochester* for support. Dkt. No. 36 at 6-7. In *Casaccia v. City of Rochester*, defendant filed a motion for reconsideration of a court's decision and order directing defendant to produce certain documents. No. 17-cv-6323-FPG-MJP, 2020 WL 2833008, *1 (W.D.N.Y. June 1, 2020). When the court stated the standard for reconsideration of a prior decision, it cited Rules 59(e) and 60(b). The court denied defendant's motion for reconsideration because it "raise[d] no new arguments, no new information, and makes no showing of mistake or fraud." *Id.* Even if this Court were to consider Rule 59(e), which it should not, KRF's motion for reconsideration does not cite any intervening change in the controlling law or new evidence not previously available.

KRF's argument that it would be denied due process and suffer manifest injustice because it did not receive notice of the hearing rings hollow.[3] KRF knew the Motion to Compel was transferred to this Court on June 10, 2026. *See* Dkt. No. 36-1 at ¶ 3, 36-2 at ¶ 3. After the

---

[3] KRF also complains that the Receiver's counsel did not communicate with them regarding the scheduling of the hearing. *See* Dkt. No. 36 at 7. Here, the Court mailed the text order to KRF's counsel and the Receiver's Florida counsel. The Receiver's Florida counsel, located approximately 45 miles north of KRF's counsel, received the Court's order. *See* Morales Decl. at ¶ 4. Presumably, the United States Postal Service also delivered the text order to KRF's Florida counsel. Additionally, the undersigned is not aware of any rules requiring him to notify KRF's counsel of upcoming hearings.

Motion to Compel was transferred to the Western District of New York, KRF was working to identify local counsel.[4] *See* Dkt. No. 36-1 at ¶ 10, 36-2 at ¶ 10. Even if KRF did not receive notice of the hearing, KRF knew the Motion to Compel was transferred to this Court and could and should have monitored the public docket for future hearings. This Court sent at least two mailings to KRF's counsel and provided notice of the July 7, 2026 hearing on June 17, 2026— nearly three weeks before the hearing date.

Next, KRF seeks reconsideration under Rule 60(b)(4). However, Rule 60(b) only applies to final judgments or orders. Rule 60(b) provides that "the court may relieve a party or its legal representative from a *final* judgment, order, or proceeding" for six enumerated reasons. FED. R. CIV. P. 60(b) (emphasis added). "Rule 60(b) does not govern relief from interlocutory orders, that is to say any order in which there is something left for the court to decide after issuing the order." *Black v. Buffalo Meat Serv., Inc.*, No. 15CV49S, 2017 WL 2720080, *5 (W.D.N.Y. June 23, 2017) (citations omitted).

Here, the Court's Order granted the Receiver's Motion to Compel, overruled KRF's objections to the Receiver's subpoena issued on May 5, 2025, and ordered KRF to produce all requested documents within seven days, which has been held in abeyance pending resolution of KRF's motion for reconsideration. *See* Dkt. No. 34, 38. Since the Court's Order (Dkt. No. 34) is not a final judgment or order, KRF is not entitled to relief under Rule 60(b) and its motion should be denied. *See Franzon v. Massena Memorial Hosp.*, 189 F.R.D. 220, 223 (N.D.N.Y. 1999) ("This Court's prior Order regarding a discovery issue was interlocutory in nature and, thus, not within the ambit of Rule 60." (citation omitted)); *Buffalo Meat Serv., Inc.*, 2017 WL

---

[4] One of KRF's counsel is admitted to practice in the state of New York. *See* https://www.sequorlaw.com/attorneys/fernando-j-menendez-jr.

2720080 at *5 ("Courts in the Third Circuit have held that a discovery Order is not the

Judgment or final Order contemplated by Rule 60(b)." (citations omitted)).

## CONCLUSION

For the foregoing reasons, the Receiver respectfully submits that the Court should DENY

KRF's Emergency Motion for Reconsideration of Order Granting Receiver's Motion to Compel

in its entirety.

Dated: July 17, 2026

**MCNAMARA SMITH LLP**

By: ___*/s/ Edward Chang*___
Edward Chang (*Pro Hac Vice*)
Logan D. Smith  (*Pro Hac Vice*)
McNamara Smith LLP
110 West A Street, Suite 1075
San Diego, California 92101
Telephone:  (619) 269-0400
Facsimile:  (619) 269-0401
Email:  echang@mcnamarallp.com
lsmith@mcnamarallp.com
*Attorneys for Court-appointed Receiver,*
*Thomas W. McNamara*