**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

THOMAS W. MCNAMARA, as Court-
Appointed Receiver,

          Plaintiff/Movant,

  v.

KRF CAPITAL, LLC,

          Defendant/Respondent.

Case No. 1:26-cv-01184-EAW-MJR

Hon. Elizabeth A. Wolford
Hon. Michael J. Roemer, M.J.

---

**RESPONDENT'S REPLY IN SUPPORT OF EMERGENCY MOTION FOR**
**RECONSIDERATION OF ORDER GRANTING RECEIVER'S MOTION TO COMPEL**

Respondent, by and through its undersigned counsel, hereby files its Reply (the "Reply")

in further support of its *Emergency Motion for Reconsideration of Order Granting Receiver's*

*Motion to Compel* [D.E. 34] (the "Motion for Reconsideration"). This Reply is supported by the

incorporated memorandum of law below and the accompanying Supplemental Declaration of

Fernando J. Menendez.[1] As set forth below, and previously set forth in its Motion for

Reconsideration, Respondent respectfully requests that this Court vacate or reconsider its Order

[D.E. 34] (the "Order") granting the Receiver's *Motion to Compel* [D.E. 1] (the "Motion to

Compel") and schedule a new hearing to consider Respondent's objections thereto.

**INTRODUCTION**

Respondent filed its Motion for Reconsideration on the basis that Respondent did not

receive notice of the July 7, 2026 hearing (the "Hearing") at which the Court considered and

granted the Motion to Compel. *See* [DE 36-1 at ¶¶ 5-11, 36-2 at ¶¶ 5-11]. The Receiver filed a

*Response* [D.E. 39] (the "Response"), which opposes the relief requested on three grounds.

---

[1] A true and correct copy of the Supplemental Declaration of Fernando J. Menendez (the "Menendez Supplemental Decl.") is attached hereto as **Exhibit A.**

Respondent respectfully submits that none provides a valid basis for denying the very limited relief being requested.

First, the Receiver argues that (notwithstanding the Declarations filed by undersigned counsel) Respondent *must have* received notice of the Hearing simply because other parties received notice. *See* Response at [DE 39, pp. 2-3]. In addition to being purely speculative, counsel's assumption appears intended to question the sworn statements of counsel who have declared that they did not receive the referenced notice. Notably, as set forth below, a copy of the notice that was mailed to the parties and attached in support of the Response reflects that, at minimum, the mailing address used for Mr. Menendez was the firm's prior mailing address and, as such, would not have been received. It is additionally clear that no electronic notice was sent. Under the circumstances, it is unclear why the Receiver's counsel appears so willing to disparage opposing counsel, or keen to deny a third-party subpoena target the mere opportunity to appear and be heard.

Second, the Receiver argues that, even if counsel did not receive notice of the Hearing, due process was satisfied because the Court considered the Motion to Compel and the Response and was not required to set a hearing. This argument misses the point that, while the Court was not required to set a hearing, a hearing was held and, as such, Respondent was entitled to an opportunity to be heard on proper notice. Given the unique circumstances of this proceeding, including the recent transfer of this matter from the Southern District of Florida to this Court, the lack of appearance by local counsel, and the Receiver's presumed knowledge that out-of-state counsel would only receive notice by U.S. mail, if at all, Receiver's counsel could have easily sent a further communication to advise counsel (with which they have been in contact for many months) that a hearing had been set (as they did to notify them of the draft Order *after* the Hearing). They

2

did not do so.

Third, the Receiver argues that this Court cannot grant relief under Rules 59(e) and 60(b) because the relief granted in the Order is purportedly not final. As noted below, the Receiver's technical objection fails on two grounds.  As an initial matter, it is beyond dispute that this Court has inherent authority to reconsider its own orders—including for all the reasons requested in Respondent's Motion for Reconsideration, including to avoid manifest injustice—and that Respondent sought relief on that basis.  *See* Mot. at [DE 36, p. 4] (seeking relief pursuant to the Court's inherent authority).  Additionally, however, the Receiver's conclusion that the ruling is not final relies on decisions that predate *Casaccia v. City of Rochester*, 2020 U.S. Dist. LEXIS 96003, *2-*3, 2020 WL 2833008 (W.D.N.Y. June 1, 2020), and are otherwise inconsistent with other binding authority holding that an order compelling a non-party to produce documents pursuant to a subpoena is final as to that non-party and its independent rights. *See Cohen v. Doyaga*, 2001 U.S. Dist. LEXIS 2787, *5-*6 (E.D.N.Y. Mar. 9, 2001) (quoting *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 207-08 (1999)).

## **LEGAL STANDARD**

Reconsideration is generally warranted on one of three grounds: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). Under Rule 59(e) a court may alter or amend a judgment, including an order, to correct a clear error of law or to prevent manifest injustice. *ING Global v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 96 (2d Cir. 2014). Under Rule 60(b) a court is authorized to relieve a party from a final judgment, order, or proceeding for six enumerated grounds including that the judgment or order is void and for any other reason that justifies relief. Both of these rules are

3

applicable here. *Casaccia*, 2020 U.S. Dist. LEXIS 96003 at \*2-\*3, 2020 WL 2833008 (applying Rules 59(e) and 60(b) to determine whether to grant reconsideration of order compelling production of documents) (citing *Mendell*, 909 F.2d at 731, *aff'd* 501 U.S. 115); *see also Cohen*, 2001 U.S. Dist. LEXIS 2787, 5\*6 (holding that with respect to a non-party, a discovery order is deemed a final appealable order) (quoting *Cunningham*, 527 U.S. at 207-08).

## ARGUMENT

Respondent respectfully submits that reconsideration is warranted here because, as established in the Motion for Reconsideration, Respondent's counsel did not receive notice of the Hearing, and the entry of the Order without a corresponding opportunity to be heard would result in manifest injustice to Respondent and denial of due process.

The Receiver argues—without citation to authority—that Respondent has not been denied due process because this Court considered its Response to the Motion to Compel and was otherwise not required to hold a hearing before rendering its ruling on the Receiver's Motion. This argument fails.

Once this Court scheduled a hearing on the Motion to Compel, Respondent was entitled to an opportunity to be heard. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotation marks omitted). Here, the merits of whether to compel Respondent to produce documents was fully briefed, but—due to an apparent issue relating to the mailing and delivery of the notice—only the Receiver had an opportunity to be heard. Respondent respectfully requests the same opportunity. The Receiver cites no authority to suggest (much less insist) that it not be granted.

4

It bears noting that, while counsel cannot fully explain why they did not receive mail notice of the scheduled Hearing, at least part of the explanation appears in the supporting Declaration of Jessica Morales [D.E. 39-1] filed in support of the Receiver's Response, which attached a copy of this Court's Text Order scheduling the Hearing at Exhibit 2.  That document states that mail notice was sent to Respondent's counsel, Mr. Menendez, at Sequor Law's prior office address, *i.e.*, 1001 Brickell Bay Drive, 9th Floor, Miami, FL 33131.  *See* D.E. 39-1 at Ex. 2. Sequor Law has not maintained an office at the Brickell Bay Drive address for many years.  The use of this address for mailing is unclear, as Mr. Menendez filed a Notice of Appearance in the transferred proceeding, which listed Sequor Law's current mailing address at 1111 Brickell Avenue, Suite 1250, Miami, FL 33131, *see* [D.E. 5], and further has reviewed filings in other recent matters to confirm that his business address is correctly listed in those filings, which it has been. *See* Ex. A at ¶¶ 3-6. To date, Mr. Menendez has not received any filings for this proceeding in the mail. *See* Ex. A at ¶ 7.

In light of the foregoing, Respondent respectfully asks this Court to vacate its prior ruling to allow counsel to appear and fully address the relevant issues, including Respondent's prior motion to stay,[2] at a rescheduled hearing. Although the Receiver appears keen to deny the Respondent an opportunity to speak, including on the purported grounds that there is no legal basis for relief under Rules 59 and 60, those objections seem to be factually and legally unfounded.

It is beyond dispute that this Court has the inherent authority to reconsider its own rulings, including to prevent manifest injustice. *See Cole-Hoover v. N.Y. Dep't of Corr. Servs.*, 2010 U.S. Dist. LEXIS 60002, *1-2, 2010 WL 2510953 (W.D.N.Y. June 17, 2010); *Insulation Coatings & Consultants LLC v. Liberty Mut. Ins. Co.*, 2023 U.S. Dist. LEXIS 118990, *3-4, 2023 WL 4445587

---

[2] Respondent filed a motion to stay discovery in the transferred proceeding in light of the pending ruling on the motion to dismiss the action on which the Receiver's discovery is based.  [D.E. 12]. Respondent has not yet renewed its motion given this Court's intervening Order on the Motion to Compel and subsequent abeyance of that Order following Respondent's Motion for Reconsideration.

(W.D.N.Y. July 11, 2023); *see also* Mot. at [D.E. 36, p. 4] (seeking relief on grounds of inherent authority). Additionally, however, it is equally clear that the granting of a motion to compel production from a non-party is treated as a final order. *See Casaccia*, 2020 U.S. Dist. LEXIS 96003, *2-*3, 2020 WL 2833008. Indeed, courts have recognized with respect to a non-party, a discovery order is a final appealable order. *Cohen*, 2001 U.S. Dist. LEXIS 2787, 5*6 (quoting *Cunningham*, 527 U.S. at 207-08).

As stated above and in Respondent's Motion for Reconsideration, Respondent did not receive notice of the Hearing or of this Court's ruling until its counsel received an email communication enclosing the draft form of order from Movant's counsel the day after the Hearing. Accordingly, Respondent was not afforded its due process right to notice and an opportunity to be heard, and respectfully requests that this Court vacate its prior Order so that Respondent may further address the relevant issues with the Court.

## **CONCLUSION AND PRAYER FOR RELIEF**

For the foregoing reasons, Respondent respectfully requests that the Court enter an Order (1) vacating or reconsidering its Order granting the Motion to Compel [DE 34]; (2) setting a new hearing on the Motion to Compel with notice to all counsel; and (3) granting such other and further relief as the Court deems just and proper.

*[Remainder of page intentionally left blank]*

6

Date:   July 24, 2026                              Respectfully submitted,

                                                   SEQUOR LAW
                                                   1111 Brickell Avenue, Suite 1250
                                                   Miami, FL 33131
                                                   Telephone:    (305) 372-8282
                                                   Facsimile:    (305) 372-8202

                              By:    */s/ Fernando J. Menendez*
                                     Fernando J. Menendez
                                     Florida Bar No.: 18167
                                     fmenendez@sequorlaw.com
                                     Edward H. Davis, Jr.
                                     Florida Bar No.: 704539
                                     edavis@sequorlaw.com

                                     *Counsel to Respondent*


                        **CERTIFICATE OF SERVICE**

        I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic

filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such

filing to all CM/ECF participants in this case and via regular US mail to all participants who are

not on the list to receive e-mail notice/service for this case as indicated on the service list on July

24, 2026.

                                                   */s/ Fernando J. Menendez*
                                                   Fernando J. Menendez

7

## SERVICE LIST

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **James D. Sallah**      jds@sallahlaw.com
- **Patrick J. Rengstl**    pjr@sallahlaw.com
- **Logan D. Smith**      lsmith@mcnamarallp.com, awall@mcnamarallp.com
- **Fernando J. Menendez**   fmenendez@sequorlaw.com, jdiaz@sequorlaw.com
- **Alain M. Acanda**     aacanda@sequorlaw.com
- **Edward H. Davis, Jr.**      edavis@sequorlaw.com

**Manual Notice List**

- (No manual recipients)