**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

THOMAS W. MCNAMARA, as Court-
Appointed Receiver,

               Plaintiff/Movant,

    v.

KRF CAPITAL, LLC,

               Defendant/Respondent.

Case No. 1:26-cv-01184-EAW-MJR

Hon. Elizabeth A. Wolford
Hon. Michael J. Roemer, M.J.

---

**RESPONDENT'S OBJECTION TO ORDER GRANTING MOTION OF
THOMAS W. MCNAMARA, AS COURT-APPOINTED RECEIVER, TO COMPEL
KRF CAPITAL LLC TO COMPLY WITH DOCUMENT SUBPOENA**

Respondent,[1] pursuant to Federal Rule of Civil Procedure 72(b)[2] and Local Rule 72, files

its Objection (the "Objection") to the Order entered by the Honorable Michael J. Roemer,

Magistrate Judge for the Western District of New York (the "Magistrate Judge Roemer"), Granting

Motion of Thomas W. McNamara, as Court-Appointed Receiver, to Compel KRF Capital LLC to

Comply with Document Subpoena (the "Order") [D.E. 34]. In support of the Objection,

Respondent respectfully states as follows:

**INTRODUCTION**

Respondent respectfully requests that this Court sustain its Objection to the Order and that

the Order be set aside, vacated, and/or reversed. Respondent has filed an Emergency Motion for

---

[1] KRF Capital LLC is now known as 021 Investments LLC.

[2] It is Respondent's position that the Order compelling production by a non-party is final. *Casaccia v. City of Rochester*, 2020 U.S. Dist. LEXIS 96003, *2-*3, 2020 WL 2833008 (W.D.N.Y. June 1, 2020) (applying Rules 59(e) and 60(b) to determine whether to grant reconsideration of order compelling production of documents) (citing *Mendell v. Gollust*, 909 F2d 724, 731 (2d Cir. 1990), aff'd 501 U.S. 115 (1991)); *Cohen v. Doyaga*, 2001 U.S. Dist. LEXIS 2787, *5-*6 (E.D.N.Y. Mar. 9, 2001) (holding that with respect to a non-party, a discovery order is deemed a final appealable order) (quoting *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 207-08 (1999)). Alternatively, Respondent files this Objection pursuant to Federal Rule of Civil Procedure 72(a).

Reconsideration of the Order [D.E. 36] on the basis that Respondent did not receive notice of the hearing where the Order was entered, which is currently pending before Magistrate Judge Roemer. Notwithstanding the foregoing, Respondent respectfully files this Objection in an abundance of caution and to preserve all rights before this Court under Rule 72 pending Magistrate Judge Roemer's further review and consideration of Respondent's Motion for Reconsideration. Respondent incorporates its Emergency Motion for Reconsideration as if fully set forth herein.

Respondent objects to the Magistrate Judge's finding that the Receiver's subpoena to Respondent is consistent with his authority under the Preliminary Injunction ("PI") and is compliant with Rule 45 because, as set forth below, the Receiver's subpoena seeks documents well beyond the scope of the receivership and PI, including in that it seeks documents from years prior to the receivership. Respondent incorporates its Response in Opposition to the Receiver's Motion to Compel [D.E. 9] as if fully set forth herein. Further, Respondent objects to the Order requiring Respondent to produce documents within seven (7) days because it would effectively deprive Respondent of the right to seek and obtain relief before this Court given that Local Rule 72 provides that all orders of a Magistrate Judge remain in effect unless and until a stay is obtained or the order at issue is otherwise reversed or vacated by the District Judge. Finally, Respondent objects to the Order because it was entered without notice to Respondent.

## BACKGROUND

The Receiver was appointed as Receiver in the matter of *Consumer Financial Protection Bureau, et al. v. StratFS, LLC, et al.*, 24-cv-00040-EAW-MJR (W.D.N.Y.) ("CFPB Action") on January 11, 2024, pursuant to the terms of a *Temporary Restraining Order with an Asset Freeze, Appointment of a Receiver, and Other Equitable Relief* ("TRO") entered in that proceeding. CFPB Action [ECF No. 12].

2

On March 4, 2024, this Court entered a Preliminary Injunction ("PI") which continued the terms of the TRO and granted the Receiver broad authority to unilaterally add any businesses that he "*has reason to believe* is owned or controlled in whole or in part by any of the Defendants" to the receivership without further Order of Court, and to immediately seize all of their assets and subject them to the PI. *See* ECF No. 1-2 at pp. 7 (¶¶ 9(N) and (O)), 21 (Section IX, ¶ S). In addition, the Receiver was authorized to "[t]ake depositions and issue subpoenas to obtain Documents and records *pertaining to the receivership estate and compliance with the [PI]*." *Id.* at p. 20 (Section IX, ¶ O) (emphasis added).

Since his appointment, the Receiver has excercised his unilateral discretion to immediately take control of various entities as "Receivership Defendants" and/or "Relief Defendants," including Fidelis Legal Support Services, LLC ("Fidelis") and BDC Group, LLC ("BDC").

Several of these defendants have moved to dismiss the claims against them and/or appealed the Receiver's decision to designate them as receivership defendants. Indeed, oral argument on motions to dismiss filed by various of the individuals and entities that are the subject of the Receiver's subpoena requests to Respondent—*i.e.*, Fidelis, Bush Lake Trust, and Cameron Christo—was heard by this Court on September 10, 2025. *See* [D.E. 802] in the CFPB Action.

The Receiver placed BDC into receivership pursuant to a letter advising its counsel of his unilateral designation on April 4, 2025. *See* [D.E. 659-1, p. 1] in CFPB Action. Shortly thereafter, on May 13, 2025, the Receiver issued the subject subpoena seeking production of documents and communications related to BDC and other entities, including non-parties, from Respondent. *See* [D.E. 1-2, Exs. A, B, G]. As noted in his Motion to Compel [D.E. 1], the Receiver stresses that "[o]f particular relevance" are $2.140 million in transfers from BDC to Respondent from April 12, 2024 through March 28, 2025 (*i.e.*, *before* BDC was placed in Receivership). [D.E. 1, p. 4.].

3

Although the Receiver seeks to portray Respondent in a negative light— describing its production of account statements as "meager," [D.E. 1, p. 5]—Respondent has produced bank records confirming its receipt and use of the funds referenced in the Receiver's Motion. These funds were received as a loan during the year prior to BDC being placed in receivership. They have been used for Respondent's business and not for any other party. They are not receivership assets.  The Receiver has not advanced any theory pursuant to which they would be. Respondent is not handling any investment for BDC and/or any of the other entities listed in the Receiver's subpoena and, as such, does not have responsive documents related to any of the other entities listed in the Receiver's subpoena.

Unsatisfied with Respondent's response, which confirms its receipt of the referenced funds from BDC, the Receiver moved to compel production of documents relating to entities and individuals irrespective of whether they are receivership entities or not and for years prior to the receivership.

As discussed below, this Court should sustain the Objection and either set aside, vacate, or reverse the Order.

**OBJECTIONS**

I.    **Legal Standard**

Under Federal Rule of Civil Procedure 72(b) a district judge considers de novo any portion of a magistrate judge's order that has been properly objected to.

II.    **This Court Should Sustain the Objection and Set Aside, Vacate, or Reverse the Order Because the Order was Entered without Notice to Respondent**

As set forth in detail in its Emergency Motion for Reconsideration [D.E. 36] and Reply in support of same [D.E. 40], Respondent's counsel did not receive notice of the July 7, 2026, hearing

4

where the Order was entered, and only learned of the Magistrate Judge's ruling the day after the hearing when the Receiver's counsel copied Respondent's counsel on an email to the Magistrate Judge's chambers with a proposed form of order granting the Motion to Compel. *See* [DE 36-1 at ¶¶ 5-11, 36-2 at ¶¶ 5-11]. Entering an Order without due process to the affected party where a hearing was scheduled is contrary to the law and a violation of due process because "the fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotation marks omitted).

Accordingly, this Court should sustain the Objection and set aside, vacate, or reverse the Order because it was entered without notice to Respondent.

**III.    This Court Should Sustain the Objection and Set Aside, Vacate, or Reverse the Order Because the Order Requires Production of Documents that Exceed the Scope of Federal Rule of Civil Procedure 45**

In its Order, the Magistrate Judge found that the Receiver's subpoena to Respondent is consistent with the Receiver's authority under the PI and is compliant with Rule 45. Respondent respectfully submits that the Magistrate Judge's findings are incorrect. The expansive scope of the Receiver's subpoena is far beyond what is permitted under Rule 45 and is irrelevant to the Receiver's tasks and authority under the PI.

Specifically, although the Receiver was authorized to issue subpoenas pertaining to "the receivership estate," [D.E. 1-2 at p. 20 (Section IX, ¶ O)], the Receiver's subpoena to Respondent purports to request documents well beyond the scope of the receivership and/or PI, including, for example, (i) all communications with numerous entities and parties, irrespective of whether those entities are subject to receivership or the PI, and/or whether communications relate to the receivership or not (No. 5); (ii) all communications (irrespective of category) from *January 1,*

*2021* to the present (*i.e.*, years prior to the receivership and/or any of the limited pre-receivership transfers to Respondent, which have already been produced and disclosed) (No. 5); and (iii) documents relating to transfers made to Respondent from any of the listed parties whether "direct and/or indirect," including, presumably, whether Respondent knows or does not know, and whether the transferee is a receivership entity or not (No. 1). This is improper.

Respondent has no business relationship and/or other dealings with any of the referenced entities and/or individuals other than the loan transfers from BDC. While Respondent is prepared to confirm that fact, it nevertheless reserves all rights with respect to the Receiver's efforts to obtain general discovery of its business records or dealings with third parties.

The only transfers Respondent received from any of the referenced parties (*i.e.*, from BDC) have been produced. Those transfers were received prior to the Receiver's unilateral decision to place BDC into receivership. The Receiver has not explained the legal theory pursuant to which those pre-receivership transfers would constitute receivership "assets" and/or entitle him to engage in a fishing expedition with respect to a non-party's general business operations and/or transactions. *See*, *generally*, *Rebmann v. Astec, Inc.*, 2022 U.S. Dist. LEXIS 115100, *13, 2022 WL 2345945 (W.D.N.Y. June 29, 2022); *Moll v. Telesector Res. Grp., Inc.*, 2016 U.S. Dist. LEXIS 145254, *11 (W.D.N.Y. Oct. 19, 2016); *Rodregues v. CNP of Sanctuary, LLC*, 2011 WL 13135966, at *2 (S.D. Fla. Dec. 22, 2011) ("[P]arties may not engage in a 'fishing expedition' and courts will 'protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .'").

"Subpoenas under Rule 45 are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34." *Rebmann*, 2022 U.S. Dist. LEXIS 115100 at *9. Courts treat the scope of discovery under Rule 45 the same as the scope of discovery under Rule 26, which

SEQUOR LAW, P.A.

provides that parties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense and proportional to the needs of the case. *Id.*; *Feingold v. Cardinale*, 2023 U.S. Dist. LEXIS 220386, *8 (S.D. Fla. Nov. 1, 2023). However, while Rule 26 provides for broad discovery it is not a license to conduct a fishing expedition. *Rebmann*, 2022 U.S. Dist. LEXIS 115100 at *13; *Moll*, 2016 U.S. Dist. LEXIS 145254 at *11; *Porter v. Ray*, 641 F.3d 1315, 1324 (11th Cir. 2006); *Partners Insight, LLC v. Gill*, 2025 U.S. Dist. LEXIS 27908, *6 (M.D. Fla. Feb. 18, 2025). Moreover, Rule 45 does not require that a non-party produce or create documents that do not exist. *Gropper v. David Ellis Real Estate, L.P.*, 2014 U.S. Dist. LEXIS 22296, *3-4 (S.D.N.Y. Feb. 14, 2014) (collecting cases); *Santa Rosa Dev., LLC v. Santa Rosa Cty.*, 2023 U.S. Dist. LEXIS 60409, *2 (N.D. Fla. Jan. 4, 2023) (same).

When determining whether responding to a subpoena poses an undue burden on a non-party courts consider the relevance of the requests, the requesting party's need for the documents, the breadth of the document request, the burden imposed on the non-party, the time period covered by subpoena, and whether the requested information can be obtained from the parties themselves. *Atl. NY AGV, LLC v. Vision Buick GMC, LLC*, 2026 U.S. Dist. LEXIS 113193, *12-13, 2026 WL 1429269 (W.D.N.Y. May 21, 2026) (collecting cases); *Donohue v. Nostro*, 2022 U.S. Dist. LEXIS 173579, *12, 2022 WL 4462867 (W.D.N.Y. Sep. 26, 2022) (same); *Feingold*, 2023 U.S. Dist. LEXIS 220386 at *8 (citing *Great Am. Ins. Co. v. Veteran's Support Org.*, 166 F. Supp. 3d 1303, 1310 (S.D. Fla. 2015)). Additionally, the status of the subpoena recipient as a non-party is a factor that weighs against disclosure. *Vision Buick*, 2026 U.S. Dist. LEXIS 113193 at *13; *Athalonz, LLC v. Under Armour, Inc.*, 2024 U.S. Dist. LEXIS 65685, *7, 2024 WL 1555685 (S.D.N.Y. Apr. 10, 2024) (same); *Feingold*, 2023 U.S. Dist. LEXIS 220386 at *8; *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1337 (11th Cir. 2020) (same).

SEQUOR LAW, P.A.

The Receiver's subpoena here would cause an undue burden as it seeks irrelevant and overbroad discovery that goes well beyond the transfers that Respondent has confirmed and produced.

Although the Receiver believes he is entitled to brush away any objections to the relevance of the subpoena requests because he is issuing subpoenas as authorized under the PI, this mistates the law. *See CFTC v. Oasis Int'l Grp. Ltd.*, 2020 U.S. Dist. LEXIS 250521, *19-20 (M.D. Fla. Sep. 14, 2020) (holding that a receivership order does not authorize a receiver to override the protections of Federal Rule of Civil Procedure 45); *SEC v. Davison*, 2023 U.S. Dist. LEXIS 104728, *8-10 (M.D. Fla. May 16, 2023) (narrowing subpoena requests to only permit discovery over transfer that was in dispute and holding that a receiver's discovery request must comply with the relevance requirements); *SEC v. Wells Real Est. Inv., LLC*, 2025 U.S. Dist. LEXIS 132803, *3 (S.D. Fla. July 8, 2025) (same); *see also Plaintiff v. Oasis Int'l Grp. (In re Subpoena by A Receiver in CFTC),* 2026 U.S. Dist. LEXIS 4413, *9-12 (S.D.N.Y. Jan. 9, 2026) (modifying subpoena issued by Receiver where Receiver could not provide a basis for why protected documents should be produced).

Based on all the foregoing, the Court incorrectly found that the Receiver's subpoena was consistent with the Receiver's authority under the PI and Rule 45 because the subpoena seeks information that does not relate to assets of the estate and/or the PI and is overbroad, including in terms of scope and temporal length and seeks "all communications" from various individuals and entities without respect to whether they are receivership entities. Accordingly, the Magistrate Judge's findings were contrary to the law and this Court should set aside, vacate, or reverse the Order.

SEQUOR LAW, P.A.

## CONCLUSION

WHEREFORE, Respondent respectfully requests that this Court sustain the Objection and set aside, vacate, or reverse the Order, and grant such further relief as this Court deems just and proper.

## CERTIFICATION UNDER LOCAL RULE 72(C)

I HEREBY CERTIFY that the only new argument raised in this Objection not previously raised to the Magistrate Judge is that the Order should be set aside, vacated, or revoked because Respondent did not receive notice of the hearing where the Order was entered. This argument was not previously raised to the Magistrate Judge because the hearing, and Respondent's lack of notice thereof, occured after the filing of Respondent's Response in Opposition to the Receiver's Motion to Compel [D.E. 9]. Other than the foregoing, because this proceeding was recently transferred by order of the United States District Court for the Southern District of Florida, Respondent has added citation to authorities within the Second Circuit that are consistent with the legal principles cited in its initial Objection, which cited to Eleventh Circuit law.

*[Remainder of page intentionally left blank.]*

9

Date:   July 24, 2026                    Respectfully submitted,

                                         SEQUOR LAW
                                         1111 Brickell Avenue, Suite 1250
                                         Miami, FL 33131
                                         Telephone:    (305) 372-8282
                                         Facsimile:    (305) 372-8202

                        By:    */s/ Fernando J. Menendez*
                               Fernando J. Menendez
                               Florida Bar No.: 18167
                               fmenendez@sequorlaw.com
                               Edward H. Davis, Jr.
                               Florida Bar No.: 704539
                               edavis@sequorlaw.com
                               Alain M. Acanda
                               Florida Bar No.: 1058915
                               aacanda@sequorlaw.com

                               *Counsel to Respondent Capital LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case and via regular US mail to all participants who are not on the list to receive e-mail notice/service for this case as indicated on the service list on July 24, 2026.

                                         */s/ Fernando J. Menendez*
                                         Fernando J. Menendez

SEQUOR LAW, P.A.

## <u>SERVICE LIST</u>

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **James D. Sallah**        jds@sallahlaw.com
- **Patrick J. Rengstl**    pjr@sallahlaw.com
- **Logan D. Smith**        lsmith@mcnamarallp.com, awall@mcnamarallp.com
- **Fernando J. Menendez**    fmenendez@sequorlaw.com, jdiaz@sequorlaw.com
- **Alain M. Acanda**        aacanda@sequorlaw.com
- **Edward H. Davis, Jr.**        edavis@sequorlaw.com

**Manual Notice List**

- (No manual recipients)

SEQUOR LAW, P.A.